IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEON SHIRLEY,
        Plaintiff,        No. CIV S-05-2468 FCD CMK P

    vs.

J. TUGGLE, et al.,
        Defendants.        FINDINGS & RECOMMENDATIONS

                              /

       Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in this action against defendants Brown, Franz, Clemmens and Wong. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302(b)(21). Currently before the court is defendants' motion to dismiss for failure to exhaust the prison administrative grievance process. Plaintiff filed an opposition to defendants' motion on January 11, 2007. After carefully reviewing the record, the court recommends that defendants' motion be granted.

**I.    Background**

       Plaintiff alleges that defendants violated the Eighth Amendment's prohibition of cruel and unusual punishment. Specifically, plaintiff alleges that the dishwashing detergent used in the main kitchen at Folsom State Prison (FSP) caused him to suffer shortness of breath and swelling and irritation to his hands. Plaintiff alleges that defendants were aware of his injuries but failed to remedy the situation.

1

Plaintiff did not file an administrative grievance concerning the allegations raised in his complaint.  However, plaintiff claims that inmate Kevin Black filed a group appeal, which addressed the issues plaintiff raises in his complaint.  Inmate Black filed two grievances regarding working conditions in the FSP main kitchen.  Black's first grievance (FSP-04-1438) claimed that the dish detergent used in FSP's kitchen made the skin on his hands peel. (Pl's. Compl., Ex. B.) The appeal listed six other inmates, including plaintiff, that suffered similar injuries.  Although the appeal referenced other inmates and said "we" instead of "I," it did not contain a legible list of the participating inmate's names, signatures, identification numbers, and housing, and it was not classified as a group appeal.  (Mot. Dismiss, Ex. A.)  A questionnaire was attached to the appeal, which was filled out by six other inmates, including plaintiff, but the questionnaire listed only the six inmates' names and identification numbers; it did not clearly contain each inmates first and last name, identification number, housing or signature.  (Pl.'s Compl., Ex. B ("question of facts."))

Black filed a second appeal (FSP-05-545) which claimed that he was not properly trained to use the dishwashing powder, was not given proper protective equipment, and that the dishwashing detergent used in FSP's main kitchen was hazardous and should be replaced.  (Pl's. Compl., Ex. E.)  Although, the attachment to the appeal refers to "we" and "the guy's [sic] listed on the next page," the appeal was filed on behalf of inmate Black and was not classified as a group appeal. (Mot. Dismiss, Ex. A.)

**II.     Discussion**

Defendants assert that plaintiff's action should be dismissed for failure to satisfy the exhaustion requirement.  By the Prison Litigation Reform Act of 1995 ("PLRA"), enacted on April 26, 1996, Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).

1    The exhaustion of prison administrative procedures is mandated "regardless of the
2 relief offered through [such] procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); see also,
3 Woodford v. Ngo, __U.S.___, 126 S.Ct. 2378 (2006).  The United States Supreme Court has
4 cautioned that it "will not read futility or other exceptions into statutory exhaustion requirements
5 where Congress has provided otherwise." Booth at 741 n.6.  The Court has also ruled that the
6 exhaustion requirement "applies to all inmate suits about prison life, whether they involve
7 general circumstances or particular episodes, and whether they allege excessive force or some
8 other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

9    In California, the state regulations that govern grievance procedures in state jails
10 and prisons provide that inmates "may appeal any departmental decision, action, condition, or
11 policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code
12 Regs. tit. 15, § 3084.1(a).  An administrative appeal may progress from an informal review
13 through three formal levels of review. See Cal. Code Regs. tit. 15, § 3084.5.  A decision at the
14 third formal level, which is also referred to as the director's level, is not appealable and
15 concludes a prisoner's departmental administrative remedy. Cal. Code Regs. tit. 15, §§
16 3084.1(a) and 3084.5(e)(2).  Departmental appeals coordinators may summarily deny a
17 prisoner's untimely administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and
18 3084.6(c).

19    To comply with the PLRA exhaustion requirement, a state prisoner in California
20 must file an inmate appeal on each claim concerning prison conditions or events and must
21 proceed to the highest level of administrative review available to him before he seeks judicial
22 relief, regardless of the relief desired by the prisoner.[1] Ngo, __U.S.___, 126 S.Ct. 2378.  If a
23 group of inmates files an appeal, on an appeal form with the name and departmental

---

[1] State prisoners in California may no longer rely on the holding of Rumbles v. Hill, 182 F.3d 1064, 1069 (9th Cir. 1999), that "[e]xhaustion of administrative remedies under section 1997e(a) is not required if a prisoner's section 1983 claim seeks only monetary damages and if the correctional facility's administrative grievance process does not allow for such an award."

1  identification number of the inmate who prepared the appeal shall be submitted.  Cal. Code
2  Regs. tit. 15, § 3084.2(f).  A legible list of the participating inmates' names, signatures,
3  departmental identification numbers, and housing shall be attached to the appeal.  Id.
4           A court is required to dismiss , without prejudice, an action involving prison
5  conditions where the prisoner failed to exhaust administrative remedies prior to filing suit, even
6  if he was in the process of doing so when the suit was filed.  McKinney v. Carey, 311 F.3d 1198,
7  1199 (9th Cir. 2002).
8           The Ninth Circuit has held that the PLRA exhaustion requirement is not
9  jurisdictional.  Wyatt v. Terhune, 315 F.3d 1108, 1117 n.9 & 1119 n.13 (9th Cir. Jan. 2, 2003)
10  (citing Rumbles v. Hill, 182 F.3d 1064, 1067-68 (9th Cir. 1999)), petition for cert. filed, (U.S.
11  Apr. 1, 2003) (No. 02-1486).  The Ninth Circuit and six other circuit courts have ruled that the
12  exhaustion requirement does not impose a pleading requirement on the prisoner but creates a
13  defense that must be raised and proved by the defendants.  See Wyatt, 315 F.3d at 1117-19
14  (citing cases of the Second, Third, Seventh, Eighth, and D.C. Circuits); see also Casanova v.
15  Dubois, 304 F.3d 75, 77-78 (1st Cir. 2002).  But see Brown v. Toombs, 139 F.3d 1102, 1104
16  (6th Cir. 1998) (per curiam) (requiring a prisoner to plead exhaustion and provide a copy, if
17  available, of the administrative decision disposing of the prisoner's claims); Knuckles El v.
18  Toombs, 215 F.3d 640, 642 (6th Cir. 2000).
19           Here, defendants have shown that plaintiff failed to comply with the procedural
20  guidelines in exhausting his administrative remedies prior to filing a lawsuit. (Mot Dismiss, Ex.
21  A; Pl's. Compl., Exs. B & E.)  Plaintiff did not file an individual grievance regarding his alleged
22  injury in FSP's main kitchen, and the factual information of inmate Black's appeal did not
23  contain a legible list of the participating inmates' names, signatures, departmental identification
24  numbers, and housing.  (Mot. Dismiss, Exs. A &B, Pl's. Compl. Ex. B.)  In his opposition to
25  defendants' motion to dismiss, plaintiff argues that inmate Black was the voice of plaintiff and
26  eight other inmates working in FSP's main kitchen.  (Opp'n at 4-5.)  Plaintiff also includes

1  exhibits with his opposition, which consist of copies of both of inmate Black's grievances.  The
2  court notes that plaintiff is indeed included in inmate Black's list of "...Guy's [sic] who can atest
3  [sic] to this. These guys are involved in the matter." (Opp'n, Ex. B (page *21.)) However, the
4  list of inmates in Ex. B, appears to contain departmental identification numbers and inmate's last
5  names (and some first names) but does not contain signatures or housing information.  Id.

6        The court finds that Ngo is particularly instructive in deciding this motion.  In
7  Ngo, the Supreme Court made clear that in order to exhaust administrative remedies, a prisoner
8  must comply with the prison system's critical procedural rules.  Ngo, ___U.S.___, 126 S. Ct.
9  2378, 2385-2388.  The record here clearly shows that even though plaintiff was listed as
10 someone who was involved in the FSP kitchen dishwashing powder issue, the appeals filed by
11 inmate Black did not comply with the prison systems procedural rules for a group appeal.
12 Specifically, the appeals filed by inmate Black did not include an attachment of a legible list of
13 participating inmates' names, signatures, departmental identification numbers, and housing
14 information as required by the procedural rules.  Cal. Code Regs. tit. 15, § 3084.2(f).  Although a
15 list of inmate last names (and some first names) and inmate departmental identification numbers
16 were included with the appeals, this does not comply with the above mentioned procedural rules,
17 and Ngo has made clear that partial compliance is not enough. Accordingly, the court finds that
18 plaintiff failed to comply with the prison system's grievance procedure, and his suit should be
19 dismissed without prejudice for failure to exhaust his administrative remedies.

20 **IV.    Conclusion**

21       Based on the foregoing, IT IS RECOMMENDED that:

22       1. Defendants' motion to dismiss be granted.

23       2. This action be dismissed without prejudice for plaintiff's failure to exhaust his
24 administrative remedies prior to filing suit in federal court.

25       These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

5

days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:   February 21, 2007.

                                         **CRAIG M. KELLISON**
                                         UNITED STATES MAGISTRATE JUDGE