IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEON SHIRLEY, | No. CIV S-05-2468-FCD-CMK-P |
|     Plaintiff, | |
|   vs. | ORDER |
| J. TUGGLE, et al., | |
|     Defendants. | |

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff originally filed this action, jointly with several other inmates, in December 2005. In March 2006, the court issued an order severing the claims of Plaintiff from those of the other plaintiff inmates, and dismissing his original complaint. Plaintiff filed a first amended complaint on April 26, 2006, and a second amended complaint on July 21, 2006. The second amended complaint (Doc. 26) is the operative pleading in this action, and named the following defendants: Tuggle, Clemmons, Franz, and Wong.[1]

---

[1] Plaintiff's first amended complaint named one additional defendant, Brown, who was not named in his second amended complaint. The Clerk of the Court will be directed to terminate Brown as a defendant in this action.

On December 28, 2006, the defendants filed a motion to dismiss Plaintiff's second amended complaint for his failure to exhaust his administrative remedies. In the motion to dismiss, Defendants argued Plaintiff did not comply with the procedural guidelines in exhausting his administrative remedies prior to filing this action. The court found that Plaintiff did not file an individual grievance, and the group grievance filed by another inmate did not follow the proper procedure for filing a group appeal. The court, therefore, determined that Plaintiff failed to comply with the prison system's grievance procedure, and granted the motion to dismiss. (See Docs. 36, 38). Judgment was entered on March 27, 2007, and Plaintiff filed a notice of appeal on April 20, 2007.

On May 26, 2009, the Ninth Circuit Court of Appeals issued an opinion vacating this court's judgment and remanding this case for further proceedings.[2] The Ninth Circuit specifically found that

> [a]lthough defendants submitted a declaration by a current Appeals Coordinator at Folsom State Prison stating that the appeal was not classified as a group appeal, the prison's Formal Level Appeal Response referred to the "inmates" and "workers" affected by the issue, granted the appeal, and gave no indication that the appeal was procedurally infirm. Under the circumstances, defendants did not meet their burden of proving non-exhaustion. *See Wyatt [v. Terhune]*, 315 F.3d [1108,] 1119 [(9th Cir. 2003)] (holding that defendants have the burden of raising and proving the absence of exhaustion); *see also* Cal. Dep't of Corr. Operations Manual §§ 54100.8, 8.1, 8.2; *cf. Ngo v. Woodford*, 539 F.3d 1108, 1109-10 (9th Cir. 2008) (holding that inmate whose formal appeal was rejected as untimely had not properly exhausted administrative remedies).

The decision of the Ninth Circuit is essentially a denial of Defendants' motion to dismiss. As such, Defendants will now be required to file an answer to Plaintiff's second amended complaint (Doc. 26).

///

---

[2] The Ninth Circuit's Mandate issued June 19, 2009.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants shall file an answer to Plaintiff's second amended complaint within 30 days of the date of this order; and

2. The Clerk of the Court is directed to terminate M. Brown as a defendant in this action.

DATED: July 8, 2009

*Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE