IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEON SHIRLEY,                                              No. CIV S-05-2468-FCD-CMK-P

        Plaintiff,

   vs.                                                                FINDINGS AND RECOMMENDATIONS

J. TUGGLE, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Defendants' unopposed supplemental motion to dismiss (Doc. 51).

**I.      BACKGROUND**

        This action proceeds on Plaintiff's second amended complaint (Doc. 26), against four defendants: Tuggle, Clemmons, Franz, and Wong. Defendants' original motion to dismiss was granted for Plaintiff's failure to exhaust his administrative remedies. In the original motion to dismiss, Defendants argued Plaintiff did not comply with the procedural guidelines in exhausting his administrative remedies prior to filing this action. The court found that Plaintiff did not file an individual grievance, and the group grievance filed by another inmate did not

follow the proper procedure for filing a group appeal.  The court, therefore, determined that Plaintiff failed to comply with the prison system's grievance procedure, and granted the motion to dismiss.  (See Docs. 36, 38).  Following the entry of judgment, Plaintiff appealed the decision. The Ninth Circuit Court of Appeals issued an opinion vacating this court's judgment and remanding the case for further proceedings.  The Ninth Circuit specifically found that

> [a]lthough defendants submitted a declaration by a current Appeals Coordinator at Folsom State Prison stating that the appeal was not classified as a group appeal, the prison's Formal Level Appeal Response referred to the "inmates" and "workers" affected by the issue, granted the appeal, and gave no indication that the appeal was procedurally infirm.  Under the circumstances, defendants did not meet their burden of proving non-exhaustion. *See Wyatt [v. Terhune]*, 315 F.3d [1108,] 1119 [(9th Cir. 2003)] (holding that defendants have the burden of raising and proving the absence of exhaustion); *see also* Cal. Dep't of Corr. Operations Manual §§ 54100.8, 8.1, 8.2; *cf. Ngo v. Woodford*, 539 F.3d 1108, 1109-10 (9th Cir. 2008) (holding that inmate whose formal appeal was rejected as untimely had not properly exhausted administrative remedies).

After the mandate issued, this court required the Defendants to file an answer.  In addition to their answer, the Defendants also filed a request to file a supplemental motion to dismiss, which was granted.  Defendants Franz and Wong now argue they are entitled to dismissal because Plaintiff failed to exhaust his administrative remedies against them.

**II.    MOTION TO DISMISS**

Defendants Franz and Wong argue even if the grievances filed by inmate Black were sufficient to include Plaintiff, the grievances failed to exhaust Plaintiff's claims against them.

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly the subject of an unenumerated motion under Federal Rule of Civil Procedure 12(b).  See Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact."  Id. at 1119-20.  Where the court looks beyond the

1  pleadings to a factual record in deciding the motion to dismiss, which is ". . . a procedure closely
2  analogous to summary judgment," the court must assure that the plaintiff has fair notice of his
3  opportunity to develop a record. Id. at 1120 n.14 (referencing the notice requirements outlined in
4  Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d
5  409 (9th Cir. 1988). Defendants bear the burden of establishing that the plaintiff failed to
6  exhaust administrative remedies prior to filing suit. See Wyatt, 315 F.3d at 1120. If the court
7  concludes that administrative remedies have not been exhausted, the unexhausted claim should
8  be dismissed without prejudice. See id. at 1120; see also Jones v. Bock, 127 S. Ct. 910 (2007).

9          Prisoners seeking relief under § 1983 must exhaust all available administrative
10  remedies prior to bringing suit. See 42 U.S.C. § 1997e(a). This requirement is mandatory
11  regardless of the relief sought. See Booth v. Churner, 532 U.S. 731, 741 (2001) (overruling
12  Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999)). Because exhaustion must precede the filing of
13  the complaint, compliance with § 1997e(a) is not achieved by exhausting administrative remedies
14  while the lawsuit is pending. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). The
15  Supreme Court recently addressed the exhaustion requirement in Jones v. Bock, 549 U.S. 199
16  (2007), and held: (1) prisoners are not required to specially plead or demonstrate exhaustion in
17  the complaint because lack of exhaustion is an affirmative defense which must be pleaded and
18  proved by the defendants; (2) an individual named as a defendant does not necessarily need to be
19  named in the grievance process for exhaustion to be considered adequate because the applicable
20  procedural rules that a prisoner must follow are defined by the particular grievance process, not
21  by the PLRA; and (3) the PLRA does not require dismissal of the entire complaint if only some,
22  but not all, claims are unexhausted.

23          The Supreme Court also held in Woodford v. Ngo that, in order to exhaust
24  administrative remedies, the prisoner must comply with all of the prison system's procedural
25  rules so that the agency addresses the issues on the merits.  548 U.S. 81, 89-96 (2006).  Thus,
26  exhaustion requires compliance with "deadlines and other critical procedural rules." Id. at 90.

Partial compliance is not enough. See id. Substantively, the prisoner must submit a grievance which affords prison officials a full and fair opportunity to address the prisoner's claims. See id. at 90, 93. The Supreme Court noted that one of the results of proper exhaustion is to reduce the quantity of prisoner suits "because some prisoners are successful in the administrative process, and others are persuaded by the proceedings not to file an action in federal court." Id. at 94.

A prison inmate in California satisfies the administrative exhaustion requirement by following the procedures set forth in §§ 3084.1-3084.7 of Title 15 of the California Code of Regulations. In California, inmates "may appeal any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). These regulations require the prisoner to proceed through several levels of appeal: (1) informal resolution; (2) formal appeal; (3) second level appeal to institution head; (4) third level appeal to the director of the California Department of Corrections and Rehabilitation. A decision at the third formal level, which is also referred to as the director's level, is not appealable and concludes a prisoner's departmental administrative remedy. See Cal. Code Regs. tit. 15, §§ 3084.1(a) and 3084.5(e)(2). Departmental appeals coordinators may summarily reject a prisoner's untimely administrative appeal. See Cal. Code Regs. tit. 15, §§ 3084.3(c)(6) and 3084.6(c). If a group of inmates intend to appeal the same decision or action, one grievance form is used and a list of the participating inmates must be attached. The list must be legible and state the inmates' names, departmental identification numbers, and housing assignment. The form must also be signed by all participating inmates. Currently, California regulations do not contain any provision specifying who must be named in the grievance.

In certain circumstances, the regulations make it impossible for the inmate to pursue a grievance through the entire grievance process. See Brown v. Valoff, 422 F.3d 926, 939 n. 11 (9th Cir. 2005). Where a claim contained in an inmate's grievance is characterized by prison officials as a "staff complaint" and processed through a separate confidential process, prison officials lose any authority to act on the subject of the grievance. See id. at 937 (citing

4

1  Booth, 532 U.S. at 736 n. 4).  Thus, the claim is exhausted when it is characterized as a "staff
2  complaint."  See id. at 940.  If there are separate claims in the same grievance for which further
3  administrative review could provide relief, prison regulations require that the prisoner be notified
4  that such claims must be appealed separately.  See id. at 939.  The court may presume that the
5  absence of such a notice indicates that the grievance did not present any claims which could be
6  appealed separate from the confidential "staff complaint" process.  See id.

7         Here, defendants Franz and Wong argue that inmate Black's first grievance, log
8  no. FSP-04-1438, was withdrawn at the first formal level of review, so it cannot be argued that it
9  exhausted Plaintiff's claims.  In addition, inmate Black's second grievance, log FSP-05-545, is
10 factually insufficient to exhausted Plaintiff's claims against them.  The grievance relates to the
11 risks involved in handling the kitchen detergent, lack of training and protective equipment,
12 improper procedures used, and that officer Tuggle and Sergeant Clemmons were aware of the
13 hazards.  The grievance does not name Franz or Wong, nor does it raise factual allegations
14 consistent with the claims he raises against these two defendants in his complaint.

15        Plaintiff's claim against defendant Wong arises from letters he wrote to defendant
16 Wong on December 22, 2004, and January 9, 2005, to which he claims he received no response.
17 The inmate grievance does not raise this issue.  Similarly, Plaintiff's claim against defendant
18 Franz is that he was informed of the inmates concerns regarding the detergent in August 2004,
19 and responded the detergents were harmless without physically examining them.  Accordingly,
20 Defendants argue that even if the grievance contained sufficient factual allegations to raise the
21 claims against defendants Franz and Wong, the grievance was not timely as it was filed in April
22 2005.  In order for an inmate grievance to be considered timely, it is to be filed within fifteen
23 days of the event or decision being appealed.  Here, the grievance was not filed for several
24 months after the alleged actions of defendants Franz and Wong.
25 / / /
26 / / /

The undersigned agrees with the defendants' analysis. The withdrawal of the first grievance renders it incomplete to exhaust administrative remedies. The second inmate grievance filed by inmate Black did not contain any factual allegations which could be related to Plaintiff's claims against either defendant Franz or Wong. There is nothing in the grievance which would have provided notice to the authorities of the claims Plaintiff alleges in his complaint against defendant Franz or Wong. In addition, as the defense argues, even if the grievance was sufficient to factually exhaust those claims, the grievance would have been untimely as it was filed several months after the alleged incidents.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motion to dismiss (Doc. 51) be granted;

2. Defendants Franz and Wong be dismissed from this action for failure to exhaust administrative remedies; and

3. This action should proceed against defendants Tuggle and Clemmons only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 2, 2010

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE