**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

DEON SHIRLEY,                                   No. CIV S-05-2468-KJM-CMK-P

        Plaintiff,

    vs.                                            <u>FINDINGS AND RECOMMENDATIONS</u>

J. TUGGLE, et al.,

        Defendants.

_____/

        Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is Defendants' unopposed third motion to dismiss (Doc. 57).

### I.      BACKGROUND

        This action proceeds on Plaintiff's second amended complaint (Doc. 26), against two remaining defendants: Tuggle and Clemmons.  All other defendants have been dismissed from this action.  Defendants have submitted an answer to the complaint, and discovery commenced in July 2010.  In September 2010, the court granted defendants' request to conduct plaintiff's deposition via video conference.  However, when defendants attempted to do so, they discovered that plaintiff had been released on parole, and failed to update his address either with

the court or with defendants as required under Local Rules 182 and 183.

## II.  MOTION TO DISMISS

Defendants Tuggle and Clemmons request this action be dismissed for plaintiff's failure to follow court rules and keep the parties and court updated with a current address.  As a result of plaintiff's failure to keep all parties apprised of his current address, they have been unable to successfully conduct discovery, including the plaintiff's deposition.  Plaintiff has not filed an opposition to the motion.

Local Rule 182 provides that all parties are "under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number . . . ."  Local Rule 182(f).  Local Rule 183 requires parties proceeding pro se to "keep the court and opposing parties advised as to his or her current address."  Local Rule 183(b).  In addition, the rules provide that "[i]f mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."  Local Rule 183(b).  See also, Carey v. King, 856 F.2d 1439, 1441, (9th Cir. 1988) (per curiam) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.").

Here, no mail directed to plaintiff from the Clerk has been returned.  However, based on the declaration of the Custodian of Records, and the movement history of plaintiff, plaintiff was paroled on or about June 30, 2009.  Plaintiff's change of address was therefore due on or about September 1, 2009.  No change of address has been received by the court.  In addition, the court notes that plaintiff has not filed any document with the court since this case was remanded by the Ninth Circuit in May 2009.  He has not opposed any motion to dismiss, nor has he responded to any of defendants' requests.  Plaintiff was informed as to his duty to keep the court and all parties informed of a current address at all times, and was provided a copy of the Local Rules.  See Order, Doc. 29, filed October 24, 2006.  He was also informed that his failure

1  to keep the court apprised of any change of address could result in sanctions including dismissal

2  of this action.

3          The court must weigh five factors before imposing the harsh sanction of

4  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

5  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

6  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

7  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

8  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

9  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

10  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

11  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

12  appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

13  1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to

14  follow local rules.  See Ghazali, 46 F.3d at 53.

15          Given plaintiff's failure to inform the court and the defendants as to his current

16  address, the undersigned finds dismissal of this action to be appropriate.  There are no factors

17  weighing in plaintiff's favor.  Without the ability to communicate with plaintiff, there does not

18  appear to be any less drastic sanctions available, and there is a significant risk of prejudice to the

19  defendant in requiring them to proceed in this action without plaintiff's participation and without

20  the ability to conduct discovery.

21          If plaintiff responds to these findings and recommendations, and informs the court

22  that either he is still incarcerated and there was some error made in the notification that he was

23  paroled, or he provides the court and defendants with a current address, the undersigned will

24  vacate these findings and recommendations.  However, absent notification from plaintiff as to a

25  correct mailing address, the undersigned does not find any alternative to recommending a

26  dismissal of this action for failure to prosecute.

III.   **CONCLUSION**

Based on the foregoing, the undersigned recommends that:

1.     Defendants' motion to dismiss (Doc. 57) be granted; and

2.     This action be dismissed, without prejudice, for plaintiff's failure to keep the court and all parties apprised of his current address, and failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 21 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 22, 2011

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE